IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DRAKE LAFAYETTE WILLIS,** § <br> TDCJ #1575130, Dallas County #18004269, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **RICK MAGNIS, Judge 283rd Judicial** § <br> **District Court of Dallas County, et al.,** § <br> Defendants. § | **CIVIL ACTION NO. 3:18-CV-0061-K-BK** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States magistrate judge. Upon review of the relevant pleadings and applicable law, this civil action should be summarily **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**I. BACKGROUND**

On January 10, 2018, Plaintiff, a state prisoner proceeding *pro se*, filed a complaint on the prisoner's civil rights complaint form against Dallas County Judge Rick Magnis and the Texas Court of Criminal Appeals (CCA).[1] Doc. 3 at 1. Plaintiff asserts Defendants have repeatedly impeded the filing of an April 4, 2013 supplemental application for writ of habeas corpus in cause number F08-24020, in the 283rd District Court of Dallas County, Texas. Doc. 3 at 3. He maintains the CCA "has continuously acted in concert" with the Dallas County court system by "impeding Plaintiff's rights to V.A.C.C.P. art. 11.07, habeas corpus relief." Doc. 3 at 3. He, thus, requests appointment of counsel, an evidentiary hearing to address the supplemental habeas application, and monetary damages. *Id.*

---

[1] After filing this action, Plaintiff was transferred to the Dallas County Jail. Doc. 5.

From what the Court can glean from the complaint, Plaintiff filed a motion for leave to file a writ of mandamus with the CCA, complaining that his April 4, 2013 supplemental application had not been forwarded to the CCA for review.  Doc. 3 at 6; *In re Willis*, No. WR-77,246-11 (Tex. Crim. App. filed Jun. 1, 2015).[2]  On August 26, 2015, the CCA remanded the matter to the trial court for an evidentiary hearing.  Doc. 3 at 6.  Subsequently, on December 18, 2015, following an evidentiary hearing, the trial court issued detailed findings of fact on the writ of mandamus, concluding in relevant part:

> It is clear to the trial court that the April 4, 2013 amended application for writ of habeas corpus was misplaced and not presented to the court for consideration. Therefore, the trial court will present the April 4, 2013 amended writ to the Dallas County District Clerk [to] be filed stamped as a new filing as a "C" writ in this case. However, it should be noted that the allegations in the "C" writ could and should have been raised in the earlier writ and will be dismissed as a subsequent writ.

*Ex parte Willis*, No. W0824020A, *Findings* at 7.[3]  The trial court then forwarded the findings to the CCA for review.  On April 13, 2016, the CCA denied without written order the motion for leave to file the writ of mandamus.  Doc. 3 at 6; *In re Willis*, No. WR-77,246-11.  Plaintiff now complains that the trial court never filed the April 4, 2013 supplemental application as provided by its December 18, 2015 findings.  Doc. 3 at 4.

## II. ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court

---

[2] The CCA online docket sheet is available at http://search.txcourts.gov/Case.aspx?cn=WR-77,246-11&coa=coscca (last visited Feb. 6, 2018).
[3] The trial court's findings and the Dallas County online docket sheet are available at http://courtecom.dallascounty.org/publicaccess/ (last visited Feb. 6, 2018).

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Although federal courts unquestionably have jurisdiction over civil right claims, "litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986). By virtue of the *Rooker-Feldman* doctrine,[4] "'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)). The *Rooker-Feldman* "jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F.Supp.2d 778, 788 (N.D. Tex. 2003) (Fish, C.J.) (quoting *Hale*, 786 F.2d at 691). Errors in state cases should be reviewed and settled through the state appellate process. *Rooker,* 263 U.S. at 415. The United States Supreme Court, through a writ of certiorari, is the only federal court permitted to review state court decisions. *Weekly*, 204 F.3d at 615.

Here, Plaintiff's claim, "stripped to essentials, is an attack on the judgment of the state [court]" denying his motion for leave to pursue a writ of mandamus. *Liedtke,* 18 F.3d at 318. Plaintiff basically requests the Court to review the CCA's April 13, 2016 order—something this Court "may not do." *Feldman*, 460 U.S. at 482 n. 16. Because the instant civil rights action is,

---

[4] This doctrine takes its name from two Supreme Court decisions: *District of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

3

"inextricably intertwined" with Plaintiff's state mandamus action, *Liedtke*, 18 F.3d at 318, his only recourse is through the state courts. *See Weaver v. Texas Capital Bank, N.A.,* 660 F.3d 900, 904 (5th Cir. 2011) (per curiam) ("[a] state court judgment is attacked for purposes of *Rooker-Feldman* when the [federal] claims are 'inextricably intertwined' with a challenged state court judgment, or where the losing party in a state court action seeks what in substance would be appellate review of the state judgment."); *Reed v. Swilley*, 266 F. App'x 336, 337 (5th Cir. 2008) (per curiam) (affirming want of jurisdiction dismissal under *Rooker-Feldman* doctrine of section 1983 suit that essentially sought review of state court's denial of petition for writ of mandamus). Consequently, this action should be dismissed for want of jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal.  *See Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009) (while generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed," leave to amend is not required where plaintiff "has already pleaded his 'best case.'").   Here, no amendment can cure the Court's lack of jurisdiction over Plaintiff's claim.  Thus, granting leave to amend would be futile and cause needless delay.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SIGNED** February 12, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5